SHEDD, Circuit Judge,
dissenting:
Rejecting the government’s argument that the purported sentencing guideline *372 error raised by Montes-Flores is harmless (an argument not addressed in Montes-Flores’ brief), the majority deems it necessary to vacate the sentence and remand this case to the district court for resen-tencing. I dissent.
I
Rule 52(a) of the Federal Rules of Criminal Procedure mandates that we must disregard harmless errors. Consistent with this rule, in United States v. Savillon-Matute, 636 F.3d 119 (4th Cir.2011), we held that it is unnecessary to vacate a sentence based on an asserted guidelines calculation error if we can determine from the record that the asserted error is harmless. Savillon-Matute is just one of many cases in which we have applied harmless error analysis to asserted procedural sentencing errors. See United States v. Hargrove, 701 F.3d 156, 162 (4th Cir.2012), cert. denied, — U.S.-, 133 S.Ct. 2403, 185 L.Ed.2d 1114 (2013) (finding harmless sentencing error and citing cases).
To ascertain whether such an error is harmless under Savillon-Matute, we assume that the district court had decided the disputed guidelines issue favorably for the defendant and then determine: (1) whether the court would have imposed the same sentence and (2) whether that sentence would be substantively reasonable. Savillon-Matute, 636 F.3d at 123. For purposes of this harmlessness review, the district court does not have to state expressly that it would have imposed the same sentence regardless of the asserted guidelines error. Id. at 124.
Applying this standard, I believe that the record supports affirmance of Montes-Flores’ sentence. The most favorable guidelines calculation for Montes-Flores would have been a range of 10-16 months, but the district court calculated the range to be 46-57 months and sentenced him to 46 months. Even accepting the 10-16 month range, I am satisfied that the district court would have sentenced Montes-Flores to 46 months and that the sentence would be reasonable.
As an initial matter, I agree with the majority’s observation that “the record is clear that the court carefully considered the § 3553(a) factors in determining the sentence it would impose.” See Majority Op., at 370. Likewise, I agree in principle with the majority’s point that “something more than a review by the district court of the § 3553(a) factors is needed” before we can find that the district court would have imposed the same sentence regardless of the asserted guidelines error. See Majority Op., at 370. My disagreement with the majority arises from my view that this case, in fact, has “something more.”
This is not a “run-of-the-mill” case in which the district court simply calculated an advisory guidelines range and then announced its intention to sentence the defendant within, or at the low end of, that range. See Rita v. United States, 551 U.S. 338, 357, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (“Circumstances may well make clear that the judge rests his decision upon the Commission’s own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.”). Finding harmlessness in that type of case may prove to be difficult because it is logical to assume that if a district court is content to sentence within whatever the guidelines range happens to be, then a lower range would lead to a sentence within that lower range.
Here, Montes-Flores moved for a downward variance from the advisory 46-57 month range, see J.A. 76, arguing that “a *373 sentence of less than 46 months, perhaps a sentence of 36 months” would be sufficient, see J.A. 92. Given the advisory nature of the sentencing guidelines and the broad discretion the district court possessed to vary downward, the district court was squarely presented with the opportunity to impose a sentence below 46 months. Rejecting Montes-Flores’ arguments, the district court denied the motion and imposed the 46-month sentence. There is certainly no reason to believe that the district court misunderstood the significance of the downward variance motion. It is thus apparent that the district court believed that nothing less than a 46-month sentence was appropriate.[1]
The district court’s intention in this regard is evidenced by its comments during the sentencing colloquy. These comments reflect the district court’s serious concern for public safety and deterrence, and when combined with the denial of the downward variance request, indicate that the district court would not have imposed a lower sentence even with a lower advisory guidelines range. For example, the district court referenced Montes-Flores’ extensive criminal history, which it labeled “quite remarkable” and “disturbing,” J.A. 95, and noted that Montes-Flores “continues to be engaged in conduct that is potentially very dangerous to people and violating the law,” J.A. 90. Continuing, the district court stated:
I have a concern about trying to get his attention not to try to return across the border.... [W]hat I’ve heard here is that he ... has a network of people who respect him and like him, and that makes me worry he is going to be incen-tivized to come back across the border again. And I’m trying to have a sentence to deter, that’s one of the factors here. That’s why I wanted you to walk through these factors. I’m worried about deterrence. I’m trying to say— for him to resolve, it isn’t worth what I could face. That’s what I’m dealing with here.
J.A. 91; see also J.A. 92 (“I need to have a sentence to deter him from coming back across again.”). Finally, summarizing the basis for the 46-month sentence, the district court explained that it “sought to provide an adequate deterrence” and wanted Montes-Flores to understand that “if he should calculate returning to the United States, that he would have a sentence that he has just finished serving that would cause him to be disinclined to again violate the borders of the United States.” J.A. 95. The district court also explained that it wanted “to promote respect for the law, which I think is crying out here,” J.A. 95, and it stated that “the sentence protects the public from further crimes of the defendant,” J.A. 96.
In my view, this record leads most reasonably to one conclusion: the district court believed that a sentence of 46 months was necessary to meet the standards set forth in 18 U.S.C. § 3553(a). That sentence is substantively reasonable, and we should therefore affirm it under the reasoning of Savillon-Matute.[2] See *374 also United States v. Shrader, 675 F.3d 300, 314 (4th Cir.), cert. denied, — U.S. -, 133 S.Ct. 757, 184 L.Ed.2d 500 (2012) (finding harmless error without addressing the disputed enhancement “because an upward variance or departure ... would produce exactly the same result and because the transcript makes clear that the sentence herein, irrespective of any ... enhancement, plainly effectuated the trial court’s sentencing intent.”).
II
In closing, I note that “harmless error analysis involves some level of indetermi-nancy,” Sherman v. Smith, 89 F.3d 1134, 1140 (4th Cir.1996) (en banc), and “[t]he standard for judging whether a particular error is harmless has an irreducible element of subjectivity,” United States v. Casoni, 950 F.2d 893, 917 (3d Cir.1991). Where, as here, the district court does not announce an alternate sentence, consideration of whether a sentencing error is harmless is almost always clouded with a bit of uncertainty as to what the district court would have done with a different guideline range.[3] For this reason, I certainly cannot say that the majority’s rejection of harmless error is unreasonable. Subjectively, my friends in the majority simply view the record differently than I do, and their decision, which I fully respect, will lead to a remand for resentenc-ing, a proceeding that will add to the time and expense that the district court and the parties have already invested in this case.
I make this observation not to criticize today’s decision, but to encourage district courts to consider announcing alternate sentences in cases such as this, where the guidelines calculation is disputed.[4] District courts that announce alternate sentences in such circumstances provide a valuable service to the parties and the judicial system because an expressly stated alternate sentence, if reasonable, alleviates the uncertainty inherent in the harmless error analysis and thereby tends to obviate the additional time and expense that a resentencing remand would require. As we explained in Hargrove, where we applied harmless error analysis to affirm an alternate sentence, it makes “no sense to set aside [a] reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm.” 701 F.3d at 162 (citation omitted and punctuation altered); see also United States v. Revels, 455 F.3d 448, 452 (4th Cir.2006) (“Because any error was harmless, a remand for resentencing is not necessary. Such a remand would, in any event, be little more than an empty formality, for the sentence the district court would impose on remand is a foregone conclusion.”).
*375 I reiterate that I do not believe that an alternate sentence is necessary to establish harmless error in this case. However, although I do not presume to speak for the majority, a reasonable inference arises from the majority’s recognition of the district court’s careful consideration of the § 3553(a) factors: had the district court expressly announced an alternate sentence in conjunction with its consideration of the § 3553(a) factors, the likely result of this appeal would be an affirmance (on the alternate sentence) rather than a remand for resentencing.

. The majority states that “there is nothing in the record to suggest the court would have varied upward” from a lower guideline range to a 46-month sentence. Majority Op., at 371. Of course, the pertinent question is whether the district court would have imposed the same sentence had the guideline range been lower, and an upward variance would be necessary to achieve that result. If, as I have pointed out, the district court believed that a sentence below 46 months was inappropriate, then it is logical to conclude that the district court would have varied upward from a lower guideline range to impose that sentence.

. Although we are not bound by the outcome of Savillon-Matute, which was a harmless error affirmance, the similarities between that *374 case and this one are remarkable. Both cases involve illegal reentry defendants, the disparities between the asserted guideline ranges and the imposed sentences are comparable, and both district courts fashioned the sentences largely on the need to deter future illegal reentry.

. Nonetheless, Savillon-Matute makes it clear that we may find a sentence to be harmless based on the sentencing record without the district court’s express statement of an alternate sentence.

. Since at least 1990, we have implicitly approved of alternate guidelines sentencing, see United States v. Blackwood, 913 F.2d 139 (4th Cir. 1990) (affirming based on alternate sentence), and in 2004, we actually recommended that district courts impose alternate sentences in a specific circumstance, see United States v. Hammoud, 378 F.3d 426 (4th Cir.2004) (en banc order). Notably, alternate sentencing does not relieve the district court of its obligation "to consider the guidelines in a meaningful manner when sentencing a defendant.” Hargrove, 701 F.3d at 163.